IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY BURDEN, | * | |
| | * | Civil No. 3:05 CV 433 -F |
| Defendant-Petitioner, | * | |
| | * | |
| v. | * | Orig. Criminal No. CR-02-0954 |
| | * | |
| DONAL CAMPBELL, Director, | * | |
| Alabama Dept. of Corrections, and | * | |
| TROY KING, Attorney General, | * | |
| | * | |
| Plaintiffs-Respondents. | * | |

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

NOW COMES the Petitioner, ANTHONY BURDEN, by and through the undersigned counsel, and respectfully moves this Honorable Court to vacate the sentence and conviction heretofore imposed, based upon material and substantial violations of the United States Constitution, specifically the Fifth and Fourteenth Amendments' guarantee to the right to due process of law. The Petitioner was convicted upon evidence that did not rise to the level of "beyond a reasonable doubt." The Petitioner's rights to due process of law and to the Sixth Amendment's guarantee of a fair trial were also violated when several jurors had contact with the State's key witness during the Petitioner's trial.

In support, the Petitioner makes the following statement of facts and procedural history:

1. On September 7, 2001, the Grand Jury for Randolph County, Alabama returned an indictment against the Petitioner and his uncle, Philip Burden. The Petitioner was charged with aiding and abetting murder, in violation of Ala. Code § 13A-6-2.

On June 17, 2001, Phillip Burden and his relative, Kenny Burden, Jr., visited the house of Ernest Taylor, a locale where people in Roanoke, Alabama met to have drinks. Upon leaving the house, Phillip Burden noticed Calvin LeShawn Baker and Jermicah Foster standing near Kenny Burden's car. Phillip Burden told Foster to stop threatening his family, and Foster and Phillip Burden then shook hands. However, when Phillip Burden attempted to shake Baker's hand, Baker refused and began calling Phillip Burden names. Phillip Burden and Baker began fist fighting and fell into nearby bushes. Baker's girlfriend started hitting Phillip Burden in the face with her shoe causing his eye to bleed. At this point, Baker's mother, Jeanette Baker, ran up the street to break up the fight. Ms. Baker directed her son to leave by going up the street.

Phillip Burden, who was still angry with Shawn Baker, returned to the scene with a sawed-off shotgun. As Phillip Burden was walking up the street, he noticed Shawn Baker jumping up and down on the roof of a car yelling "come up the road motherfucker". Phillip Burden proceeded up the street and Ms. Baker pleaded with him not to go up and shoot. Philip Burden did not recognize Ms. Baker and allegedly stated, "B, I'll kill you." When Ms. Baker's daughter informed Phillip Burden who he was talking to, Phillip Burden turned to Ms. Baker and apologized, asking for a hug. Ms. Baker hugged Phillip Burden and while he was talking to her someone grabbed and began wrestling with him.

At this point, the testimony of the state's witnesses and the defense witnesses diverged. Phillip Burden testified during trial that while he was wrestling with someone who tried to take the gun away, it discharged hitting and killing Foster. Importantly,

Phillip Burden could not see out of his injured eye and had been fighting with Shawn Baker, not Foster. Thereafter, Phillip Burden claimed that he ran from the scene.

However, Ms. Baker testified that she saw Phillip Burden's brother, James Burden, further up the road with a pistol aimed at Shawn Baker. Ms. Baker ran up the street and pleaded with James Burden not to shoot Shawn Baker. James Burden stated that he too would respect Ms. Baker and gave her a hug. Ms. Baker then told Shawn Baker to go inside the house. Ms. Baker allegedly witnessed Phillip Burden and the Petitioner walking up the street. Phillip Burden stated to Foster, "I'll blow your brains out". Ms. Baker again pleaded with Phillip Burden not to shoot, but claimed that the Petitioner began telling Phillip Burden to shoot Foster. After the Petitioner allegedly hit Foster, he again told Phillip to shoot Foster. According to Ms. Baker, Phillip Burden then shot Foster in the head and he fell to the ground. Philip Burden then ran away with the shotgun. The police arrived shortly thereafter and Foster was pronounced dead at the scene.

2. On September 21, 2001, the Petitioner applied for treatment as a youthful offender. The Petitioner's application for youthful offender status was denied. On the same date, the Petitioner entered a plea of not guilty to the charge against him.

3. On October 28, 2002, a jury trial was commenced against the Petitioner and Philip Burden before the Hon. Judge Martin of the Randolph County Circuit Court. The Petitioner moved for a judgment of acquittal based upon insufficiency of the evidence following the end of the State's case, but the motion was denied. On October 30, 2002, the jury returned a verdict of guilty as to the Petitioner. The Petitioner received a thirty year term of incarceration.

4. The Petitioner moved for mistrial after it became known that an alternate juror had been seen eating lunch with the State's primary witness, Jeanette Baker. The motion was denied on December 2, 2000. A second unsuccessful motion for mistrial was filed after it became known that the same witness involved in the previous incident, Jeanette Baker, had her brother in-law give a ride to a juror.

5. A timely notice of appeal was filed with the Alabama Court of Criminal Appeals (appeal no. CR-02-0682). On appeal, the Petitioner argued that: (1) the trial court abuse dits discretion when it denied the Petitioner's motion for a mistrial when it was alleged that a juror had improper contact with a witness; (2) the trial court abused its discretion when it denied the Petitioner's motion for a mistrial based upon juror misconduct for failure to disclose a personal relationship with the family of the victim; and (3) the trial court erred when it denied the Petitioner's motion for directed verdict at the end of the State's case, based upon insufficiency of the evidence. The appeal was denied on the merits in October, 2003. An application for rehearing was thereafter filed. On February 16, 2004, the Court of Criminal Appeals denied the Petitioner's application for rehearing.

6. On December 5, 2003, the Petitioner petitioned the Alabama Supreme Court for a writ of certiorari. On February 13, 2004, the Alabama Supreme court denied review of the Petitioner's case.

7. During pre-trial, trial, sentencing and on appeal, the Petitioner was represented by Nathaniel D. Owens, Esq., 111 South Quintard Avenue, P.O. Box 2641, Anniston, Alabama 36201.

8. No further legal action has been taken in this case.

9. The Petitioner submits that his detention is unlawful, and in support argues that

   I. The Petitioner's rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and a fair trial as guaranteed by the Sixth Amendment to the United States Constitution were violated when a juror had improper contact with a witness.

   II. The Petitioner's rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and a fair trial as guaranteed by the Sixth Amendment to the United States Constitution were violated when a juror failed to state that he had a close, personal relationship with the family of the victim.

   III. The Petitioner's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated when he was convicted upon insufficient evidence.

   IV. The Petitioner is entitled to an evidentiary hearing on these matters.

10. The Petitioner is currently incarcerated in the Draper Correctional Facility in Elmore, Alabama. His inmate registration number is 226259.

WHEREFORE, in consideration of the forgoing, as well as the arguments of law contained in the contemporaneously filed memorandum in support, the Petitioner prays that this Honorable Court vacate, set aside, or correct the sentence it imposed in this case, based upon a violation of the Petitioner's Fifth and Sixth Amendment rights. At the minimum, the Petitioner believes that an evidentiary hearing is necessary to resolve this issue.

Respectfully submitted,

*[signature]*
Robert A. Ratliff, Esq.
Attorney for the Petitioner
P.O. Box 2353
Mobile, AL 36652
Telephone: (251) 432-1656

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing motion and accompanying memorandum of law was sent this 10 day of May, 2005, by regular United States mail with sufficient postage affixed, to Donal Campbell, Director, Alabama Department of Corrections, 301 South Ripley Street, P.O. Box 301501, Montgomery, Alabama 36130-1501; and Troy King, Attorney General of Alabama, Alabama State House, 11 South Union Street, Third Floor, Montgomery, Alabama 36130.

_____
Robert A. Ratliff, Esq.
Attorney for the Petitioner