IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BURDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. |
| | ) 05-CV-433-F |
| | ) |
| DONAL CAMPBELL, et al., | ) |
| et al, | ) |
| | ) |
| Respondents. | ) |

**RESPONDENTS' ANSWER TO COURT'S
ORDER TO SHOW CAUSE**

Come now Respondents, by and through the Attorney General of the State of Alabama, and file their response to this Court's Order to Show Cause dated May 19, 2005, giving the Respondents 20 days in which to file a response to the Petition for Writ of Habeas Corpus filed by the Petitioner, Anthony Burden. In response, Respondents file the following answer, memorandum brief, and exhibits.

**PROCEDURAL HISTORY**

1. The petitioner, Anthony Eugene Burden, was indicted, along with his uncle, Andrew Phillip Burden ("Phillip Burden"), by the Randolph County Grand

Jury for the murder of Jermicah Foster on September 7, 2001. State's Exhibit A. (C. 6-7) On October 30, 2002, the Burdens were both convicted by a jury of murder. State's Exhibit B. (C. 23) On December 2, 2002, Randolph County Circuit Judge Ray Martin sentenced Anthony Burden to 30 years' imprisonment. State's Exhibit C. (C. 44)

2. Burden appealed his conviction, arguing that the trial court abused its discretion by denying his motion for mistrial after a witness allegedly had improper contact with a witness, by denying his motion for mistrial after a juror allegedly failed to disclose a close personal relationship with the victim's family, and because the evidence was insufficient to sustain his murder conviction. State's Exhibit D, pp. 11-21. The Alabama Court of Criminal Appeals affirmed Burden's conviction in an unpublished memorandum issued on October 24, 2003. State's Exhibit F. The Court found that, after conducting a thorough inquiry into the allegations of juror misconduct, the trial court did not abuse its discretion in determining that a mistrial and further investigation was unwarranted and that the evidence was sufficient to sustain Burden's murder conviction. State's Exhibit E, pp. 2-5.

3. Burden's application for rehearing was denied on November 21, 2003. State's Exhibit F, p. 1. His petition for writ of certiorari, limited to the argument that a juror committed misconduct when she allegedly failed to disclose a personal

2

relationship with the victim's family, was denied by the Supreme Court of Alabama on February 13, 2004. State's Exhibit F and G.

### BURDEN'S FEDERAL HABEAS CLAIMS

4. On May 5, 2005, Burden filed a writ of habeas corpus petition and, on May 9, 2005, he filed an amended petition, raising the following claims:

(I)   The Petitioner's rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and a fair trial as guaranteed by the Sixth Amendment to the United States Constitution were violated when a juror had improper contact with a witness.

(II)  The Petitioner's rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and a fair trial as guaranteed by the Sixth Amendment to the United States Constitution were violated when a juror failed to state that he had a close, personal relationship with the family of the victim.

(III) The Petitioner's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated when he was convicted upon insufficient evidence.

Petition, p. 5.

5. On May 19, 2005, this Court entered an order requiring Respondents to show cause why Burden's habeas corpus petition should not be granted, giving the Respondents 20 days from the date of service on the Attorney General in which to

respond. This Court subsequently granted the Respondents an extension until June 22, 2005 in which to file their response.

## ANSWER TO THE PETITION

6. Burden's federal habeas corpus petition is timely under the one-year statute of limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Supreme Court of Alabama issued the certificate of judgment in this case on February 13, 2004. Because Burden had 90 days in which to file a petition for writ of certiorari with the United States Supreme Court, the AEDPA limitation period began to run on May 13, 2004. Accordingly, his petition filed on May 9, 2005 was timely.

7. Burden's federal habeas corpus petition is due to be denied because his claims have been procedurally defaulted.

8. Respondents admit Burden is presently incarcerated in a state facility resulting from his conviction for murder, but deny he is in custody in violation of the laws or constitution of the United States. Burden's conviction and sentence were validly and constitutionally obtained.

## MEMORANDUM BRIEF IN SUPPORT OF ANSWER

9. Burden's claims have been procedurally defaulted because he failed to raise them on direct appeal with the Alabama Court of Criminal Appeals or in a proper petition for certiorari filed with the Supreme Court of Alabama. Before a habeas petitioner can seek federal review, he must exhaust his state court remedies. Title 28 U.S.C. §2254(b); Walker v. Zant, 693 F.2d 1087 (11th Cir. 1982). If the time to take advantage of such state court remedies has expired, however, the failure to exhaust such remedies becomes "a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith v. Jones, 256 F. 3d 1135, 1138 (11th Cir. 2001). Federal habeas claims not included in a petition for discretionary review with the state's highest court are procedurally defaulted if the time for including such issues in such a petition has expired. O'Sullivan v. Boerckel, 526 U.S. 838, 840-842 (1999). Because Burden did not raise the specific federal claims he raises in this habeas petition before the state courts and the time for raising such claims has long expired, his claims have been procedurally defaulted.

10. Burden has procedurally defaulted his claims that his due process rights were violated as a result of alleged juror misconduct because, although he argued on direct appeal before the Court of Criminal Appeals that two jurors committed

misconduct, he did not argue that his due process rights were violated by any such misconduct. He merely argued that the juror misconduct violated his rights under Alabama state law. State's Exhibit D, pp. 11-19. Furthermore, in his petition for writ of certiorari with the Supreme Court of Alabama, Burden abandoned his argument that an alternate juror had improper contact with a State's witness, limiting his argument to the alleged misconduct of juror Detina Jones, who allegedly failed to disclose that she had a close, personal relationship with the victim's family. State's Exhibit F, pp. 3-7. Because he did not raise his argument that an alternate juror had improper contact with a State's witness, this argument was procedurally defaulted at this juncture. Even in the argument he did raise, Burden still did not raise any allegation that his federal due process rights had been violated. Id.

11. In Picard v. Connor, 404 U.S. 270, 275 (1971), the United States Supreme Court stressed that a federal habeas petitioner's federal claim must have been "fairly presented to the state courts." In that case, the Court held that the petitioner procedurally defaulted his equal protection claim because he did not raise it before the state courts, merely arguing that he was improperly indicted under Massachusetts law. Id. at 276. According to the Court, "[t]he claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination." This Court applied the same reasoning in

6

McNair v. Campbell, 307 F. Supp. 1277 (M.D. Ala. 2004), to facts substantially similar to this case. McNair argued before the state courts that the jurors' possession and use of a Bible during deliberations violated Alabama law. Id. at 1301. Furthermore, the state courts analyzed the argument solely under state law principles. Id. This Court held that McNair's argument that the juror misconduct violated his right to a fair trial under the Sixth Amendment to the United States Constitution had been procedurally defaulted because it was not raised before the state courts. Id. This Court went ahead and addressed the issue only because the State had waived procedural default as a defense. Id.

12. Like McNair, Burden limited his argument that juror Detina Jones committed misconduct to state law. State's Exhibit D, pp. 13-19; State's Exhibit F, pp. 3-7. In McNair, the Court of Criminal Appeals analyzed the claim under the test enunciated in Roan v. State, 143 So. 454, 459-60 (Ala. 1932)[1], which provided that, under Alabama law, juror misconduct requires a new trial if it *might have affected the verdict*. In this case, the Court of Criminal Appeals relied upon its own decision in Taylor v. State, 808 So. 2d 1148 (Ala. Crim. App. 2000), and the

---

[1] Although not directly citing to Roan, the Court of Criminal Appeals in this case relied upon Dawson v. State, 710 So. 2d 472, 474 (Ala. 1997), which cited to Roan. State's Exhibit E, pp. 3-4.

7

Supreme Court of Alabama's decision in <u>Dawson v. State</u>, 710 So. 2d 472 (Ala. 1997), neither of which discusses federal constitutional principles. Because the first discussion of any violation of Burden's due process rights is in his present federal petition, he has procedurally defaulted such a claim.

13. Burden has likewise procedurally defaulted his claim that the evidence was insufficient to sustain his murder conviction when he did not present this issue in his petition for certiorari before the Supreme Court of Alabama. State's Exhibit F. Furthermore, he did not raise before the Court of Criminal Appeals the specific argument he now raises in his federal habeas petition. State's Exhibit D.

14. Should this Court deem that Burden has not procedurally defaulted any claim, the Respondents reserve the right to address such claim(s) on the merits.

## CONCLUSION

Based upon the foregoing authorities and facts, Burden's federal habeas corpus petition should be dismissed with prejudice.

                Respectfully submitted,

                Troy King (KIN047)
                Attorney General
                By:

                s/John M. Porter
                John M. Porter (ASB5818-P77J)
                Assistant Attorney General

9

# EXHIBITS

Exhibit A - Excerpt from record on direct appeal – <u>Anthony Eugene Burden and Andrew Phillip Burden v. State</u>, CR-02-0682 (Ala. Crim. App. Oct. 24, 2003) (C . 6-7)(indictment).

Exhibit B - Excerpt from record on direct appeal – <u>Anthony Eugene Burden and Andrew Phillip Burden v. State</u>, CR-02-0682 (Ala. Crim. App. Oct. 24, 2003)(C. 23(verdict order).

Exhibit C - Excerpt from record on direct appeal – <u>Anthony Eugene Burden and Andrew Phillip Burden v. State</u>, CR-02-0682 (Ala. Crim. App. Oct. 24, 2003)(C. 44)(sentencing order).

Exhibit D - Brief of Appellant in <u>Anthony Eugene Burden and Andrew Phillip Burden v. State</u>, CR-02-0682 (Ala. Crim. App. Oct. 24, 2003).

Exhibit E - Court of Criminal Appeals decision in <u>Anthony Eugene Burden and Andrew Phillip Burden v. State</u>, CR-02-0682 (Ala. Crim. App. Oct. 24, 2003).

Exhibit F - Petition for writ of certiorari to the Supreme Court of Alabama in Case No. 1030395.

Exhibit G - Order of Supreme Court of Alabama denying Burden's petition for writ of certiorari and issuing certificate of judgment in Case No. 1030395.

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participants: Robert A Ratliff, Esq., P.O. Box 2353, Mobile, AL 36652.

        Respectfully submitted,

        s/John M. Porter
        John M. Porter(ASB5818-P77J)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL 36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-Mail: JPorter@ago.state.al.us

207695