**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY BURDEN, | * | |
| | * | Civil No. 05-CV-433-F |
| Defendant-Petitioner, | * | |
| | * | |
| v. | * | Orig. Criminal No. CR-02-0954 |
| | * | |
| DONAL CAMPBELL, Director, | * | |
| Alabama Dept. of Corrections, and | * | |
| TROY KING, Attorney General, | * | |
| | * | |
| Plaintiffs-Respondents. | * | |

**PETITIONER'S REPLY TO THE UNITED STATES' ANSWER
TO COURT'S ORDER TO SHOW CAUSE REGARDING
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

COMES NOW the Petitioner, ANTHONY BURDEN, by and through the undersigned

counsel, who submits the following Reply to the Government's answer to the court's order to

show cause regarding the petition for writ of habeas corpus under 28 U.S.C. § 2254. The

Petitioner does not concede any of his arguments, as they are well founded on fact and law.

**ARGUMENT**

A.   **THE PETITIONER'S RIGHTS TO DUE PROCESS OF LAW AS GUARANTEED
BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED
STATES CONSTITUTION AND A FAIR TRIAL AS GUARANTEED BY THE
SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE
VIOLATED WHEN A JUROR HAD IMPROPER CONTACT WITH A WITNESS.**

The Respondent argues that the instant issue is procedurally defaulted. Respondent's

Brief at 5-6. While conceding that an argument regarding juror misconduct was appealed

through the Supreme Court of Alabama by the Petitioner, the Respondent argues that the issue

was not framed as a due process violation in the lower court, thereby barring review in the instant matter.  Respondent's Brief at 6.  The Respondent relies upon the decision of the United States Supreme Court in Picard v. Connor, 404 U.S. 270 (1971) to support its argument.  Respondent's Brief at 6.

In Picard, the petitioner argued in the state court on direct appeal that the indictment returned against him had been issued in violation of State procedural rules for amending indictments.  Id. at 273.  In his federal habeas action, the petitioner argued that the indictment against him had been procured in violation of his Fourteenth Amendment right to Equal Protection of the laws.  Id.  The Supreme Court ruled that the issue, in its constitutional dimensions, had not been fairly presented to the state courts, as the issue on appeal had been argued as a violation of procedural rules.  The Court stated that "substance of a federal habeas corpus claim must first be presented to the state courts."  Id. at 277.  The claim that an indictment is invalid is not the substantial equivalent of a claim of constitutional discrimination.  Id.

The Petitioner agrees that a claim of a  violation of procedural rules regarding the issuance of indictments is not the same as a claim of constitutional discrimination.  However, in the instant case, the Petitioner's claim of constitutional discrimination is but part of the larger issue presented for review to the State courts.  On appeal to the Supreme Court of Alabama, the Petitioner argued that the lower courts were in error in failing to declare a mistrial regarding the conduct of a juror.  Specifically, the juror at issue was related to the victim's family and failed to disclose this fact to the trial court, as discussed in the next argument.  Therefore, the issue is not one of interpretation of state procedural rules, but of the fundamental fairness of the trial, which necessarily implies due process concerns.  See Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6

2

L.Ed.2d 751 (1961). Therefore, it seems clear that in evaluating whether a juror engaged in misconduct, the deciding court was forced to rely upon the notions of due process of law. Although not specifically cited in the decisions of the state courts, such an issue could not be raised without implicating due process concerns.

The Respondent next notes that the decision reached in McNair v. Campbell, 307 F.Supp.2d 1277 (M.D. Ala. 2004) sheds light on the issue, as in that case the petitioner argued in the state courts that the use of a Bible by a juror during deliberations violated Alabama law. Id. at 1301. However, in McNair, no mention was made of a constitutional violation, i.e. violation of the right to a fair trial, in any state court proceeding. In the instant case, the Petitioner argued to the Supreme Court of Alabama that he would be "hard pressed to think of anything more damning to an accused. Where is the *fair trial*?" See Petitioner's Petition for Writ of Certiorari to the Supreme Court of Alabama(citing Whitten v. Allstate Insurance Co, 447 So.2d 655, 658 (Ala. 1984))(emphasis added). The Petitioner also stated that his goal in raising the instant argument to the Supreme Court of Alabama was to seek a conclusion to his "quest for a fair trial." Petitioner's Petition for Writ of Certiorari to the Supreme Court of Alabama. Clearly, the Petitioner was making it known that the underlying legal basis for the argument presented was his constitutional rights to due process of law and a fair trial.

The fact that the State courts decided the issue upon grounds other than constitutional grounds is irrelevant. The issue was raised in the State courts. According to the Court in Picard, a petitioner must merely present an issue to the State court to exhaust the issue, regardless upon what ground the issue is actually presented. Picard, 404 U.S. at 375-76. Such was done so in the instant matter, as the Supreme Court of Alabama, as the Petitioner made it clear that the basis of

3

his claim was a constitutional violation, the same issue which is presented for review herein. Clearly, the instant issue is not procedurally defaulted and must proceed to a decision upon the merits. As the merits of the argument were not denied by the Respondent, it is also clear that the Petitioner is entitled to relief upon the merits of the instant issue.

Of course, the Respondent argues that the instant issue is procedurally barred as the only issue of juror misconduct presented to the Supreme Court of Alabama was in regards to the misconduct of juror Jones, who did not disclose that she was related to the victim's family. Respondent's Brief at 6. The issue of whether juror Boykin engaged in misconduct in conversing with the State's main witness during the trial was only raised to the intermediate appellate court. However, the Petitioner questions the logic of holding the instant issue procedurally barred. If a juror lied about being related to the victim's family, and this issue was framed as a constitutional issue in the State courts and denied upon procedural grounds (See Argument B, below), then one must wonder about the necessity of having to have raised the instant, weaker argument to the same court, when it is clear that the Alabama Supreme Court would have denied the issue on the same grounds as Argument B was denied upon.

Even without sanctuary in wisdom, the Petitioner submits that the instant issue may be decided by this court upon the merits if the issue is one in which cause and prejudice regarding the failure to raise the instant issue can be shown. The Petitioner recognizes that, in general, in order to raise an issue in a § 2254 petition, an individual must exhaust all other state remedies on a given issue, which ultimately requires that the issue be appealed to the state Supreme Court. Under § 2254, an application for a writ of habeas corpus by a person in state custody should be granted where "the applicant has exhausted the remedies available in the court of the State." 28

4

U.S.C. § 2254(b).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State * * * if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

The rule is not absolute, however.  If state remedies are not exhausted, an individual may file a § 2254 motion where cause and prejudice can be shown or where a manifest injustice would occur absent further federal review of his claim.  Coleman v. Thompson, 501 U.S. 722, 750, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); Wainwright v. Sykes, 433 U.S. 72, 81 (1977).

Whether defaults in compliance with state procedural rules can preclude consideration by a federal court is a federal question.  Johnson v. Mississippi, 486 U.S. 578, 587, 100 L. Ed. 2d 575, 108 S. Ct. 1981 (1988).  Therefore, a district court must consider cause and prejudice.  See Clark v. Wainwright, 701 F.2d 895 (11th Cir. 1983).

With regard to the issue of cause, the Supreme Court has stated that:

> the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.  * * *  [A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard.

Murray v. Carrier, 477 U.S. 478, 488, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986).

In the present case, cause is shown because Petitioner can show that counsel chose the issues for appeal, despite the Petitioner's desire to raise the instant issue on appeal to the Supreme Court of Alabama.  (See Burden Affidavit).  Incarcerated and without a legal education, the Petitioner had little choice but to accept the decision of his attorney as to the propriety of

issues to be raised on his behalf. The Petitioner's desire to raise the issue was complicated and frustrated by his attorney.

Although this Court might suggest that Petitioner return to the state courts, the statutes and case law of the state suggest that such an effort would be futile. Even the Respondent has noted that the "time for raising such claims has long expired." Respondent's Brief at 5. Therefore, the Petitioner submits that any attempts on his part to obtain relief through the state courts under his unusual circumstances would be futile, and his only reasonable avenue for relief is to proceed in this court.

The Petitioner can also show prejudice. To overcome a procedural default, a habeas petitioner must demonstrate "actual prejudice as a result of the alleged constitutional violations." Coleman, 501 U.S. at 745. Prejudice can be examined at both the guilt or innocence phase and penalty phases of a trial. See Strickler v. Greene, 527 U.S. 263, 290, 119 S.Ct. 1936, 1955, 144 L. Ed. 2d 286 (1999).

The Supreme Court has been reluctant to define the precise contours of the prejudice requirement. See Amadeo v. Zant, 486 U.S. 214, 221, 100 L.Ed.2d 249, 108 S.Ct. 1771 (1988). However, the Strickler Court recently explained that in the context of establishing cause and prejudice for procedurally defaulting on a claim, a petitioner must convince the court that:

> there is a reasonable probability that the result of the trial would have been different if the suppressed documents had been disclosed to the defense. * * * The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.

119 S.Ct. at 1952.

6

In the present case, prejudice is evident in that a juror discussed the pending case with a member of the victim's family and then returned to discuss the case with the jury. One can hardly imagine a situation more prejudicial to the Petitioner's ability to obtain a fair trial than having a jury room full of individuals biased against the Petitioner. There can be little doubt that the Petitioner was prejudiced by jury misconduct in this matter. As such, cause and prejudice have been shown in this matter.

As the instant issue is properly before this court and the issue is one of merit, the Petitioner submits that his conviction and sentence must be vacated as having been obtained in violation of his due process and fair trial rights.

**B.     THE PETITIONER'S RIGHTS TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND A FAIR TRIAL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN A JUROR FAILED TO STATE THAT HE HAD A CLOSE, PERSONAL RELATIONSHIP WITH THE FAMILY OF THE VICTIM.**

The Respondent argues that the instant issue is procedurally defaulted. Respondent's Brief at 5-6. While conceding that an argument regarding juror misconduct was appealed through the Supreme Court of Alabama by the Petitioner, the Respondent argues that the issue was not framed as a due process violation in the lower court, thereby barring review in the instant matter. Respondent's Brief at 6. The Respondent relies upon the decision of the United States Supreme Court in Picard v. Connor, 404 U.S. 270 (1971) to support its argument. Respondent's Brief at 6.

In Picard, the petitioner argued in the state court on direct appeal that indictment returned against him had been issued in violation of State procedural rules for amending indictments. Id.

at 273.  In his federal habeas action, the petitioner argued that the indictment against him had

been procured in violation of his Fourteenth Amendment right to Equal Protection of the laws.

Id.  The Supreme Court ruled that the issue, in its constitutional dimensions, had not been fairly

presented to the state courts, as the issue on appeal had been argued as a violation of procedural

rules.  The Court stated that "substance of a federal habeas corpus claim must first be presented

to the state courts."  Id. at 277.  The claim that an indictment is invalid is not the substantial

equivalent of a claim of constitutional discrimination.  Id.

        The Petitioner agrees that a claim of a  violation of procedural rules regarding the

issuance of indictments is not the same as a claim of constitutional discrimination.  However, in

the instant case, the Petitioner's claim of constitutional discrimination is but part of the larger

issue presented for review to the State courts.  On appeal to the Supreme Court of Alabama, the

Petitioner argued that the lower courts were in error in failing to declare a mistrial regarding the

conduct of a juror.  Specifically, the juror at issue was related to the victim's family and failed to

disclose this fact to the trial court.  Therefore, the issue is not one of interpretation of state

procedural rules, but of the fundamental fairness of the trial, which necessarily implies due

process concerns.  See Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).

Therefore, it seems clear that in evaluating whether a juror engaged in misconduct, the deciding

court was forced to rely upon the notions of due process of law.  Although not specifically cited

in the decisions of the state courts, such an issue could not be raised without implicating due

process concerns.

        The Respondent next notes that the decision reached in McNair v. Campbell, 307

F.Supp.2d 1277 (M.D. Ala. 2004) sheds light on the issue, as in that case the petitioner argued in

the state courts that the use of a Bible by a juror during deliberations violated Alabama law. Id. at 1301. However, in McNair, no mention was made of a constitutional violation, i.e. violation of the right to a fair trial, in any state court proceeding. In the instant case, the Petitioner argued to the Supreme Court of Alabama that he would be "hard pressed to think of anything more damning to an accused. . . Where is the *fair trial*?" See Petitioner's Petition for Writ of Certiorari to the Supreme Court of Alabama(citing Whitten v. Allstate Insurance Co, 447 So.2d 655, 658 (Ala. 1984))(emphasis added). The Petitioner also stated that his goal in raising the instant argument to the Supreme Court of Alabama was to seek a conclusion to his "quest for a fair trial." Petitioner's Petition for Writ of Certiorari to the Supreme Court of Alabama. Clearly, the Petitioner was making it known that the underlying legal basis for the argument presented was his constitutional rights to due process of law and a fair trial.

The fact that the State courts decided the issue upon grounds other than constitutional grounds ir irrelevant. The issue was raised in the State courts. According to the Court in Picard, a petitioner must merely present an issue to the State court to exhaust the issue, regardless upon what ground the issue is actually presented. Picard, 404 U.S. at 375-76. Such was done so in the instant matter, as the Supreme Court of Alabama, as the Petitioner made it clear that the basis of his claim was a constitutional violation, the same issue which is presented for review herein. Clearly, the instant issue is not procedurally defaulted and must proceed to a decision upon the merits. As the merits of the argument were not denied by the Respondent, it is also clear that the Petitioner is entitled to relief upon the merits of the instant issue.

9

As the instant issue is properly before this court and the issue is one of merit, the

Petitioner submits that his conviction and sentence must be vacated as having been obtained in

violation of his due process and fair trial rights.

**C.    THE PETITIONER'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED WHEN HE WAS CONVICTED UPON INSUFFICIENT EVIDENCE.**

The Respondent argues that the instant issue, as the two previous issues is procedurally

barred from inclusion in the instant action as it was not raised for review with the Supreme Court

of Alabama.  Respondent's Brief at 8.

The Petitioner submits that the instant issue may be decided by this court upon the merits

if the issue is one in which cause and prejudice regarding the failure to raise the instant issue can

be shown.  The Petitioner recognizes that, in general, in order to raise an issue in a § 2254

petition, an individual must exhaust all other state remedies on a given issue, which ultimately

requires that the issue be appealed to the state Supreme Court.  Under § 2254, an application for

a writ of habeas corpus by a person in state custody should be granted where "the applicant has

exhausted the remedies available in the court of the State."  28 U.S.C. § 2254(b).  "An applicant

shall not be deemed to have exhausted the remedies available in the courts of the State * * * if he

has the right under the law of the State to raise, by any available procedure, the question

presented."  28 U.S.C. § 2254(c).

The rule is not absolute, however.  If state remedies are not exhausted, an individual may

file a § 2254 motion where cause and prejudice can be shown or where a manifest injustice

would occur absent further federal review of his claim.  Coleman v. Thompson, 501 U.S. 722,

750, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); Wainwright v. Sykes, 433 U.S. 72, 81 (1977).

Whether defaults in compliance with state procedural rules can preclude consideration by

a federal court is a federal question.  Johnson v. Mississippi, 486 U.S. 578, 587, 100 L. Ed. 2d

575, 108 S. Ct. 1981 (1988).  Therefore, a district court must consider cause and prejudice.  See

Clark v. Wainwright, 701 F.2d 895 (11th Cir. 1983).

With regard to the issue of cause, the Supreme Court has stated that:

> the existence of cause for a procedural default must ordinarily turn
> on whether the prisoner can show that some objective factor
> external to the defense impeded counsel's efforts to comply with
> the State's procedural rule.  * * *  [A] showing that the factual or
> legal basis for a claim was not reasonably available to counsel, or
> that some interference by officials made compliance impracticable,
> would constitute cause under this standard.

Murray v. Carrier, 477 U.S. 478, 488, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986).

In the present case, cause is shown because Petitioner can show that counsel chose the

issues for appeal, despite the Petitioner's desire to raise the instant issue on appeal to the

Supreme Court of Alabama.  (See Burden Affidavit).  Incarcerated and without a legal education,

the Petitioner had little choice but to accept the decision of his attorney as to the propriety of

issues to be raised on his behalf.  The Petitioner's desire to raise the issue was complicated and

frustrated by his attorney.

Although this Court might suggest that Petitioner return to the state courts, the statutes

and case law of the state suggest that such an effort would be futile. Even the Respondent has

noted that the "time for raising such claims has long expired."  Respondent's Brief at 5.

Therefore, the Petitioner submits that any attempts on his part to obtain relief through the state

courts under his unusual circumstances would be futile, and his only reasonable avenue for relief is to proceed in this court.

The Petitioner can also show prejudice. To overcome a procedural default, a habeas petitioner must demonstrate "actual prejudice as a result of the alleged constitutional violations." Coleman, 501 U.S. at 745. Prejudice can be examined at both the guilt or innocence phase and penalty phases of a trial. See Strickler v. Greene, 527 U.S. 263, 290, 119 S.Ct. 1936, 1955, 144 L. Ed. 2d 286 (1999).

The Supreme Court has been reluctant to define the precise contours of the prejudice requirement. See Amadeo v. Zant, 486 U.S. 214, 221, 100 L.Ed.2d 249, 108 S.Ct. 1771 (1988). However, the Strickler Court recently explained that in the context of establishing cause and prejudice for procedurally defaulting on a claim, a petitioner must convince the court that:

> there is a reasonable probability that the result of the trial would have been different if the suppressed documents had been disclosed to the defense. * * * The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.

119 S.Ct. at 1952.

In the present case, prejudice is evident in that he the Petitioner did not commit the crime for which he was convicted. The Petitioner did not exhibit the requisite intent to commit murder in this case, as merely telling an individual to shoot another individual is not an act that manifests extreme indifference to human life, as such an act was not likely to cause the death of another person. See Ala. Code § 13A-6-2; Lewis v. State, 474 So.2d 766 (Ala.Crim.App. 1985). There can be little doubt that the Petitioner was prejudiced by his conviction in this matter, as it rested

12

upon an improper application of the facts to a finding of guilt beyond a reasonable doubt.  As such, cause and prejudice have been shown in this matter.

As the instant issue is properly before this court and the issue is one of merit, the Petitioner submits that his conviction and sentence must be vacated as having been obtained in violation of his due process and fair trial rights.

## CONCLUSION

The proceedings against the Petitioner were rife with constitutional error.  The prosecution presented a weak evidentiary case against the petitioner that failed to prove the element of criminal intent in this matter.  Somehow, though, the jury returned a guilty verdict against the Petitioner.  The reason that the jury was able to return a verdict of guilty despite a lack of evidence was via the existence of juror misconduct.  One juror failed to disclose that she was related to the victim's family.  Another juror had discussion with the State's key witness against the Petitioner during the trial.  It was these friends and family of the victim in this case that decided the Petitioner's fate, a situation full of constitutional error and at which the Founding Fathers would have been sickened.  These errors must not be allowed to stand.  For these reasons, Burden asks this court to vacate his conviction and sentence and remand this matter for rehearings consistent with the findings of this court and the constitutional principles of fair play and substantial justice.

Respectfully submitted,

by:    /s/ Robert A. Ratliff
       Robert A. Ratliff, Esq.
       Attorney for the Petitioner
       P.O. Box 2353
       Mobile, AL 36652
       (251) 432-1656

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2005, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following

listed person.


John McGavock Porter
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152
334-242-7420
Fax: 242-2848
Email: jporter@ago.state.al.us




/s/ Robert A. Ratliff

Robert A. Ratliff

Attorney for Petitioner

## **EXHIBITS**

Exhibit A - Affidavit, Anthony Burden