IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BURDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. |
| | ) 05-CV-433-F |
| | ) |
| DONAL CAMPBELL, et al., | ) |
| et al, | ) |
| | ) |
| Respondents. | ) |

**RESPONDENTS' SUPPLEMENTAL ANSWER
TO AMENDED PETITION**

Come now Respondents, by and through the Attorney General of the State of Alabama, and file their response to this Court's Order dated July 27, 2005, giving the Respondents 20 days in which to file a response to the Petitioner's Reply which this Court has deemed to be a motion to amend. In response, Respondents state the following.

1. In his Reply, the Petitioner, Anthony Burden, argues that any procedural default caused by the failure to raise issues before the state courts was caused by his appellate counsel's failure to raise such issues. According to Murray v. Carrier, 477 U.S. 478, 488 (1986), to show cause for a procedural default by

asserting that his appellate attorney failed to raise a certain claim, Burden must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Burden, however, merely states that "counsel chose the issues for appeal, despite the Petitioner's desire to raise the instant issue on appeal to the Supreme Court of Alabama." Reply, p. 11. Counsel's decision not to bring issues desired to be raised by Burden cannot constitute "some objective factor external to the defense" as contemplated under Murray. Not only does this scenario fail to establish cause under the Murray standard, but it appears to indicate that Burden's appellate counsel made a tactical decision not to raise the issue. The United States Supreme Court clearly held in Wainwright v. Sikes, 433 U.S. 72, 91 (1977), that tactical decisions made by counsel cannot constitute cause to excuse a procedural default. Furthermore, Burden never alleges that any decision not to raise the issue before the Supreme Court of Alabama rose to the level of ineffective assistance of counsel and, indeed, has never brought such a claim before the state courts.

2. Burden's only effort at showing prejudice caused by any alleged failure of his appellate attorney is by stating that "he the Petitioner did not commit the crime for which he was convicted." Under Schlup v. Delo, 513 U.S. 298, 314-15, 320, 324 (1995), a petitioner may have a federal court review the merits of a claim that was procedurally barred in state court if he or she shows "a fundamental

2

miscarriage of justice" by producing new evidence not presented at trial showing that he or she is actually innocent of the crime. Not only does Burden fail to cite any new evidence showing his actual innocence, but he admits that he told his uncle/co-defendant, Andrew Phillip Burden, to shoot the victim, thus inciting his uncle to commit the murder. Reply, p. 12. Contrary to Burden's claim that this admission shows his actual innocence, it actually confirms his guilt of the murder for which he was convicted. One who incites another to murder is guilty as an accomplice. See Allen v. State, 462 So. 2d 1031 (Ala. Crim. App. 1985)(Allen guilty of murder when Andrews was shot by Stringer who was following Allen's command to "shoot"). Because Burden's claim of "prejudice" is based upon his disagreement with the law of complicity rather than upon any disagreement with any of the jury's factual findings, he cannot claim that he was prejudiced by any juror misconduct or any failure to raise such issues before the state courts. Because he has failed to show cause under either the Murray or Schlup standards, his claims are procedurally defaulted.

## CONCLUSION

Based upon the foregoing authorities and facts, Burden's federal habeas corpus petition should be dismissed with prejudice.

> Respectfully submitted,
>
> Troy King (KIN047)
> Attorney General
> By:
>
>
> s/John M. Porter
> John M. Porter (ASB5818-P77J)
> Assistant Attorney General

4

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>15th</u> day of August, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participants: <u>Robert A Ratliff, Esq., P.O. Box 2353, Mobile, AL 36652.</u>

                                        Respectfully submitted,

                                        s/John M. Porter
                                        John M. Porter(ASB5818-P77J)
                                        Office of the Attorney General
                                        Alabama State House
                                        11 South Union
                                        Montgomery, AL  36130-0152
                                        Telephone:  (334)  242-7300
                                        Fax:  (334) 242-2848
                                        E-Mail:  <u>JPorter@ago.state.al.us</u>

215012