IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BURDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. |
| | ) 05-CV-433-F |
| | ) |
| DONAL CAMPBELL, et al., | ) |
| et al, | ) |
| | ) |
| Respondents. | ) |

**RESPONDENTS' SECOND SUPPLEMENTAL ANSWER
TO AMENDED PETITION**

Come now Respondents, by and through the Attorney General of the State of Alabama, and file their response to this Court's Order dated August 15, 2005, giving the Respondents until August 26, 2005 in which to file a second supplemental answer to the Petitioner's Reply indicating the posture of Burden's ineffective assistance of appellate counsel claim after having failed to present such a claim in the state courts. In response, Respondents state the following.

1. The Respondents deny that Burden has raised an ineffective assistance of appellate counsel claim in his amended federal habeas petition as a distinct, substantive issue. Burden merely argues that his appellate counsel's failure to raise

before the state courts the issues he has raised in his federal habeas petition establishes cause to circumvent any procedural default of those claims.

2.  Assuming Burden has raised ineffective assistance of appellate counsel as a distinct, substantive issue in his amended petition, such a claim would itself be procedurally defaulted.  Burden did not raise any such issue before the state courts and the time for raising such an issue has expired.  See State's Exhibit D submitted with the Respondents' initial Answer.  As discussed in the Respondents' initial Answer, a petitioner must exhaust state court remedies before seeking federal habeas relief and, if the petitioner fails to exhaust such remedies before the time prescribed under state law, the issues sought to be raised have been procedurally defaulted.  Title 28 U.S.C. §2254(b); Walker v. Zant, 693 F.2d 1087 (11th Cir. 1982); Smith v. Jones, 256 F. 3d 1135, 1138 (11th Cir. 2001).

## CONCLUSION

Based upon the foregoing authorities and facts, Burden's federal habeas corpus petition should be dismissed with prejudice.

                Respectfully submitted,

                Troy King (KIN047)
                Attorney General
                By:

                s/John M. Porter
                John M. Porter (ASB5818-P77J)
                Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participants: Robert A Ratliff, Esq., P.O. Box 2353, Mobile, AL 36652.

Respectfully submitted,

s/John M. Porter
John M. Porter(ASB5818-P77J)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: JPorter@ago.state.al.us

217098

4