IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| ANTHONY BURDEN | * | |
| Petitioner, | * | |
| v. | * | 3:05-CV-433-MEF |
| | | (WO) |
| DONAL CAMPBELL, *et al.,* | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

Before the court is a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Anthony Burden, by and through counsel. Following a trial by jury, Petitioner was convicted of murder on October 30, 2003. The Circuit Court for Randolph County, Alabama sentenced Petitioner on December 2, 2002 to 30 years imprisonment. (Doc. No. 10, Exhs. B, C.)

Petitioner appealed his conviction. He argued that 1) the trial court abused its discretion by denying his motion for mistrial after a juror allegedly had improper contact with a prosecution witness, 2) the trial court abused its discretion by denying his motion for a mistrial after a juror allegedly failed to disclose a personal relationship she had with the victim's family, and 3) the evidence was insufficient to sustain his conviction. In an unpublished opinion released October 24, 2003, the Alabama Court of Criminal Appeals

affirmed Petitioner's conviction. The appellate court overruled Petitioner's application for rehearing on November 21, 2003. The Supreme Court of Alabama denied Petitioner's petition for writ of certiorari on February 13, 2004. (Doc. No. 10, Exhs. D-G.)

Petitioner filed the instant application for habeas relief on May 9, 2005 and later amended the petition on July 25, 2005 to raise the following claims:

>    1.   Petitioner was denied due process as a result of improper contact between a juror and a witness for the prosecution;
>
>    2.   Petitioner was denied due process where a juror failed to disclose a close, personal relationship she had with the family of the victim;
>
>    3.   Petitioner was denied due process where his conviction was obtained by insufficient evidence; and
>
>    4.   Petitioner received ineffective assistance of appellate counsel.

(Doc. Nos. 1, 3, 4, 14.)

Respondents filed answers pursuant to the orders of this court in which they contend that Petitioner's claims for relief are procedurally defaulted as he failed to present the claims raised in the instant petition, as amended, to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, Respondents maintain that

on direct appeal Petitioner presented his allegations of juror misconduct as violations of state law and not as a violation of his rights secured by the Due Process Clause of the United States Constitution. Additionally, Respondents maintain that the only claim Petitioner presented to the Alabama Supreme Court in his petition for writ of certiorari was his argument concerning a juror's failure to disclose that she had a close, personal relationship with the victim's family. Even in the argument he did present in his certiorari petition, Respondents argue that he did not present it in terms of a federal due process violation. With regard to Petitioner's challenge to appellate counsel's performance, Respondents argue that Petitioner did not previously present this ground for relief in the state courts, but rather, presents this claim for the first time in his petition to this court under 28 U.S.C. § 2254. (Doc. Nos. 10, 18.)

Because Petitioner's claims are raised for the first time in this petition, Respondents maintain that the claims are procedurally barred from federal review. *See Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a

3

procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted). Thus, Petitioner's substantive claims challenging juror misconduct and the sufficiency of the evidence used to convict him are defaulted due to his failure to present these claims in the state courts. With respect to the claim of ineffective assistance of appellate counsel set forth by Petitioner, such claim is similarly barred from review by this court due to Petitioner's failure to present in state court a challenge to the assistance provided by appellate counsel. (Doc. Nos. 10, 18.)

To the extent Petitioner asserts a claim of ineffective assistance of appellate counsel as cause for the default of his substantive claims, Respondents maintain that this assertion cannot establish cause as Petitioner likewise procedurally defaulted any such claim. (Doc. Nos. 16, 18.) *Murray v. Carrier*, 477 U.S. 478 (1986) (ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Respondents further argue that Petitioner has failed to meet the requisite burden of proof on his claim of actual innocence, *i.e.*, that he "did not commit the crime for which he was convicted," (*see* Doc. No. 14 at 12) as he has presented

no new, reliable evidence not available to him at the time of trial demonstrating his factual innocence. (Doc. No. 16.)

The court entered orders advising Petitioner of his procedural defaults and allowing him an opportunity to file responses addressing his defaults. (Doc. Nos. 11, 19.) In his response to the aforementioned orders, Petitioner asserts that his claim regarding a juror's failure to disclose a personal relationship with the victim's family presents a claim of "fundamental fairness" which "necessarily implies due process concerns." (Doc. No. 14 at 8.) Petitioner argues that in evaluating this particular claim, "it seems clear that . . . the deciding court was forced to rely upon the notions of due process of law," and that "[a]lthough not specifically cited in the decisions of the state courts, such an issue could not be raised without implicating due process concerns." (*Id*.) Additionally, Petitioner contends that "the fact that the State courts decided the issue upon grounds other than constitutional grounds is irrelevant. The issue was raised in the State courts. According to the Court in Picard [ v. Conner, 404 U.S. 270 (1971)], a petitioner must merely present an issue to the State court to exhaust the issue, regardless upon what ground the issue is actually presented." (*Id*.) With regard to his claims concerning a juror's improper contact with a witness and the sufficiency of the evidence, Petitioner argues that the court should address the merits of these claims because appellate "counsel chose the issues for appeal, despite the Petitioner's desire to raise the instant issue[s] on appeal to the Supreme Court of Alabama." (Doc. No. 14 at

5

5 & 11.)

Upon review of the § 2254 petition, the answers of Respondents, the response of Petitioner, and the undisputed record in this case, the court concludes that no evidentiary hearing is required and that the petition, as amended, is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

*A. Exhaustion and Default*

The law is well settled that a prerequisite to the filing of a federal habeas corpus petition requires that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971) (citation omitted)). To satisfy the

---

[1] Section 2254 provides, in pertinent part:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
....
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan,* 513 U.S. at 365-66; *O'Sullivan,* 526 U.S. at 845; *Picard,* 404 U.S. at 277-78.

To determine whether a petitioner has met the "fair presentation" requirement, the Court in *Picard* determined that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. Thus, contrary to Petitioner's interpretation of *Picard*, *i.e.*, that he must "merely present an issue to the State court to exhaust the issue," the Court declined to find that a petitioner satisfied the exhaustion requirement by simply presenting the state courts only with the facts necessary to state a claim for relief. Rather, the Court determined that "the substance of a federal habeas corpus claim must first be presented to the state courts." *Id*. at 278.

In *Duncan,* 513 U.S. 364, the Court re-addressed the "fair presentation" requirement. It strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in the applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[2] In *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347 (2001), the Supreme

---

[2]The petitioner in *Duncan* presented a federal due process claim in his federal habeas petition. On appeal of his state court judgment, however, he presented only a state constitutional claim. Faced with a state constitutional claim, the state court utilized state law in reaching its decision.

7

Court again addressed the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition, brief, or other similar document that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 1351. The *Baldwin* Court noted that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id*. With regard to this statement, the Eleventh Circuit stated in *McNair v. Campbell,* 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *McNair [v. Campbell],* 315 F. Supp.2d at 1184 (quoting *Vasquez v. Hillery,* 474 U.S. 254, 257, 106 S.Ct. 617, 620, 88 L.Ed.2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).

As argued by Respondents, Petitioner's juror misconduct claim, presented here in terms of a due process challenge, was not fairly presented to the state courts. Petitioner's

contention that he made known to the Alabama Supreme Court the underlying legal basis for his argument regarding juror misconduct because his stated goal in raising the argument was his "quest for a fair trial," (*see* Doc. No. 10, at Exh. F), is precisely the type of "makeshift needle[] in the haystack of the state court record'" considered insufficient to meet the "fair presentation" requirement. *McNair* 416 F.3d at 1303. A review of the record shows that Petitioner did not fairly present his federal constitutional claim to the state court. Petitioner cannot now return to state court to raise a due process issue because of procedural and/or limitation bars. The claim is, therefore, procedurally defaulted for purposes of federal habeas review.

When an issue is not properly presented to the state court and it can no longer be litigated under state procedural rules, the claim is considered procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). The claims presented by Petitioner in his petition for habeas corpus relief are procedurally defaulted as he failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan*, 526 U.S. at 844-45; *Henderson*, 353 F.3d at 891; *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003).

This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting

from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. ... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

*B. Cause and Prejudice*

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892. In an attempt to meet this burden, Petitioner complains that appellate counsel provided ineffective assistance by failing to present in the petition for writ of certiorari Petitioner's claims regarding the sufficiency of the evidence and a juror's alleged improper contact with a witness. With regard to Petitioner's due process challenge to a juror's alleged failure to disclose a personal relationship with a member of the victim's family, the court agrees with Respondents that Petitioner failed to fairly present this claim to the state courts. Petitioner's reference to seeking a "fair trial" as presented in his state

court pleadings does not amount to a fair presentation of his federal due process claim. The only issue Petitioner raised in state court with respect to this particular allegation of juror misconduct was that the trial court erred in denying his motion for mistrial without requiring further investigation into the matter. He did not present a due process claim with regard to this issue of juror misconduct even though he could have. Further, even if he could raise this claim in a Rule 32 proceeding, any attempt to now present it in state court for post-conviction review would be barred by the applicable statute of limitations.[3] This claim is, therefore, procedurally defaulted, and the court finds that Petitioner has not shown cause for his failure to fairly present his federal claim to the state courts. Petitioner, therefore, is not entitled to federal habeas review with regard to his allegation that a juror had improper contact with a witness.

Ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised in the state courts. *Murray*, 477 at 489 ("a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill*, 81 F.3d at 1030 (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim); *see also Footman v.*

---

[3] *See* Ala.R.Crim.P. 32.2(c) ("[T]he court shall not entertain any [Rule 32] petition for relief from a conviction or sentence ... unless the petition is filed ... within one (1) year after the issuance of the ... judgment of the Court of Criminal Appeals [disposing of the direct appeal].").

*Singletary*, 978 F.2d 1207 (11th Cir. 1992). Petitioner, however, failed to raise his claim of ineffective assistance of appellate counsel in the state courts in accordance with the state's procedural rules. *Teague v. Lane*, 489 U.S. 288 (1989); *Bailey*, 172 F.3d at 1303. Unless Petitioner can satisfy the cause and prejudice standard for his procedurally defaulted ineffective assistance of appellate counsel claim, this claim cannot serve as cause for other procedurally defaulted claims. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Hill*, 81 F.3d at 1030.

In order for a habeas petitioner to demonstrate cause for his defaults, he must establish that an objective impediment, not of his own making, denied him the opportunity of properly presenting his claims to the state courts. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). Petitioner has presented nothing to this court which establishes cause for his failure to raise the claim of ineffective assistance of appellate counsel independently and properly in the state courts.[4] Thus, this claim cannot constitute cause necessary to excuse Petitioner's procedural defaults on his substantive claims for relief.

Based on the foregoing, the court concludes that Petitioner has failed to demonstrate

---

[4]Even if Petitioner had not defaulted the claim, this particular challenge to appellate counsel's performance is without merit. The State of Alabama authorizes appointment of counsel for a convicted defendant who files a first appeal as of right following his conviction. *See Johnson v. State*, 584 So.2d 881, 883 (Ala. Crim. App. 1991). This right to appointed counsel, however, is not further extended for a defendant who seeks either discretionary review in the Supreme Court of Alabama or a writ of certiorari in the United States Supreme Court. *Ross v. Moffit*, 417 U.S. 600, 610-12, 615-18 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or application for review in the [United States Supreme] Court."); *see also Cunningham v. State*, 611 So.2d 510, 511 (Ala. Crim. App. 1992).

either cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Alternatively, this court may still reach the merits of Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

C. *Fundamental Miscarriage of Justice*

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Petitioner argues that he is factually innocent because he did not commit the crime of murder because he did not exhibit the requisite intent. According to Petitioner, "merely telling an individual to shoot another individual is not an act that manifests extreme indifference to human life, as such an act was not likely to cause the death of another person." (Doc. No. 14 at 12.)

Petitioner presents only his self-serving, conclusory allegation that his actions did not constitute commission of the offenses for which a duly empaneled jury found him guilty. This does not meet the requisite showing of factual innocence necessary to obtain review through the fundamental miscarriage of justice exception. Moreover, Petitioner has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. Consequently, Petitioner's procedurally defaulted claims are foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for habeas corpus relief filed by Anthony Burden be DENIED and that this case be DISMISSED with prejudice. It is further

ORDERED that on or before **July 5, 2007** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 22nd day of June 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE