IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY BURDEN, | * | |
| | * | Civil No. 05-CV-433-MEF |
| Defendant-Petitioner, | * | |
| | * | |
| v. | * | Orig. Criminal No. CR-02-0954 |
| | * | |
| DONAL CAMPBELL, Director, | * | |
|     Alabama Dept. of Corrections, and | * | |
| TROY KING, Attorney General, | * | |
| | * | |
| Plaintiffs-Respondents. | * | |

**PETITIONER'S OBJECTIONS TO THE MAGISTRATE'S RECOMMENDATION
REGARDING THE PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

COMES NOW the Petitioner herein, ANTHONY BURDEN, by and through the undersigned counsel, who submits the following Objections to the Magistrate's Recommendation regarding the petition for writ of habeas corpus under 28 U.S.C. § 2254. The Petitioner maintains that:

I. The Petitioner's rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and a fair trial as guaranteed by the Sixth Amendment to the United States Constitution were violated when a juror had improper contact with a witness;

II. The Petitioner's rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and a fair trial as guaranteed by the Sixth Amendment to the United States Constitution were violated when a juror failed to state that he had a close, personal relationship with the family of the victim; and

III.      The Petitioner's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated when he was convicted upon insufficient evidence.

As the magistrate erred in his report, the Petitioner asks that the court not adopt his recommendations, as they are against well-established law. The Petitioner asks that he be redressed for the violation of his fundamental constitutional rights. The Petitioner stands by his arguments, conceding none, as they are all founded on well established fact and law.

## ARGUMENT

**I.      The Petitioner's Rights to Due Process of Law as Guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and a Fair Trial as Guaranteed by the Sixth Amendment to the United States Constitution Were Violated When a Juror Had Improper Contact with a Witness.**

The Magistrate states that the instant issue is procedurally defaulted. Recommendation at 7. While noting that an argument regarding juror misconduct was appealed through the Supreme Court of Alabama by the Petitioner, the Magistrate argues that the issue was not framed as a due process violation in the lower court, thereby barring review in the instant matter. Recommendation at 7. The Magistrate relies upon the decision of the United States Supreme Court in <u>Picard v. Connor</u>, 404 U.S. 270 (1971) to support its argument. Recommendation at 6.

In <u>Picard</u>, the petitioner argued in the state court on direct appeal that indictment returned against him had been issued in violation of State procedural rules for amending indictments. <u>Id.</u> at 273. In his federal habeas action, the petitioner argued that the indictment against him had been procured in violation of his Fourteenth Amendment right to Equal Protection of the laws. <u>Id.</u> The Supreme Court ruled that the issue, in its constitutional dimensions, had not been fairly

presented to the state courts, as the issue on appeal had been argued as a violation of procedural rules. The Court stated that "substance of a federal habeas corpus claim must first be presented to the state courts." Id. at 277. The claim that an indictment is invalid is not the substantial equivalent of a claim of constitutional discrimination. Id.

The Petitioner agrees that a claim of a violation of procedural rules regarding the issuance of indictments is not the same as a claim of constitutional discrimination. However, in the instant case, the Petitioner's claim of constitutional discrimination is but part of the larger issue presented for review to the State courts. On appeal to the Supreme Court of Alabama, the Petitioner argued that the lower courts were in error in failing to declare a mistrial regarding the conduct of a juror. Specifically, the juror at issue was related to the victim's family and failed to disclose this fact to the trial court, as discussed in the next argument. Therefore, the issue is not one of interpretation of state procedural rules, but of the fundamental fairness of the trial, which necessarily implies due process concerns. See Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). Therefore, it seems clear that in evaluating whether a juror engaged in misconduct, the deciding court was forced to rely upon the notions of due process of law. Although not specifically cited in the decisions of the state courts, such an issue could not be raised without implicating due process concerns.

Such commonsense is not forcing the district court to find the "makeshift needle in the haystack of the state court record," as claimed by the Magistrate. Recommendation at 9 (citing McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005)). First, the Petitioner notes that in McNair, no mention was made of a constitutional violation, i.e. violation of the right to a fair trial, in any state court proceeding. In the instant case, the Petitioner argued to the Supreme Court of

Alabama that he would be "hard pressed to think of anything more damning to an accused . . . Where is the *fair trial*?"  See Petitioner's Petition for Writ of Certiorari to the Supreme Court of Alabama (citing Whitten v. Allstate Insurance Co, 447 So.2d 655, 658 (Ala. 1984)) (emphasis added).  The Petitioner also stated that his goal in raising the instant argument to the Supreme Court of Alabama was to seek a conclusion to his "quest for a fair trial."  Petitioner's Petition for Writ of Certiorari to the Supreme Court of Alabama.  Clearly, the Petitioner was making it known that the underlying legal basis for the argument presented was his constitutional rights to due process of law and a fair trial.

     Second, the Petitioner points to common sense in defense of raising the instant claim herein.  If a state court defendant argued that police had went into his house illegally to gather evidence, would the issue be considered exhausted for inclusion in a federal habeas corpus action?  The issue is not framed of one involving the Fourth Amendment to the United States Constitution.  The issue does not mention illegal searches and seizures.  Clearly, however, the issue would be reviewed under the Fourth Amendment.  The same principle applies herein.  Despite the Petitioner's failure to mention the United States Constitution, it is clear that in claiming that he is seeking a fair trial, via proper jury conduct, there can only be one analysis applied to such a claim, that of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

     The Magistrate next argues that the Petitioner failed to put forth adequate cause excusing the failure to exhaust the instant issue in state court for review by the federal court. Recommendation at 10-11.  The Magistrate notes that the Petitioner's claim of ineffective assistance of counsel as cause for failing to exhaust issues in state court is only appropriate when

the ineffective assistance claim has also been presented to the state courts. Recommendation at 11(citing Murray v. Carrier, 477 U.S. 478, 489, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986)). However, as this court is well aware, claims of ineffective assistance of counsel are not properly brought in a direct appeal, as such are not preserved or evident from the trial record. Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). The Petitioner herein raised the substantive issues as presented in this petition on direct appeal in the state court. Having no more substantive issues to raise, the Petitioner exhausted these issues in the state courts for presentation in the federal courts. The Petitioner submits that forcing him to remain in state court to exhaust the ineffective assistance claim, when such is only a procedural issue tangentially applicable to the substantive issues raised herein, is tantamount to suspending the Petitioner's right to file a federal petition for writ of habeas corpus. As this Court is well aware, The Suspension Clause of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. 1, Sec. 9, cl. 2. n1. In forcing the Petitioner to remain in state court instead of bringing properly exhausted issues before the federal courts, the Petitioner fears that his right to pursue habeas corpus relief has been suspended. As the claim of ineffective assistance of counsel is not one upon which the Petitioner seeks relief, the Petitioner submits that forcing him to exhaust this issue before proceeding to federal court is akin to unconstitutionally denying him the right to file a federal petition for writ of habeas corpus.

As the instant issue is properly before this court and the issue is one of merit, the Petitioner submits that his conviction and sentence must be vacated as having been obtained in violation of his due process and fair trial rights.

5

**II.     The Petitioner's Rights to Due Process of Law as Guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and a Fair Trial as Guaranteed by the Sixth Amendment to the United States Constitution Were Violated When a Juror Failed to State That He Had a Close, Personal Relationship with the Family of the Victim.**

The Magistrate states that the instant issue is procedurally defaulted. Recommendation at 7. While noting that an argument regarding juror misconduct was appealed through the Supreme Court of Alabama by the Petitioner, the Magistrate argues that the issue was not framed as a due process violation in the lower court, thereby barring review in the instant matter. Recommendation at 7. The Magistrate relies upon the decision of the United States Supreme Court in Picard v. Connor, 404 U.S. 270 (1971) to support its argument. Recommendation at 6.

In Picard, the petitioner argued in the state court on direct appeal that indictment returned against him had been issued in violation of State procedural rules for amending indictments. Id. at 273. In his federal habeas action, the petitioner argued that the indictment against him had been procured in violation of his Fourteenth Amendment right to Equal Protection of the laws. Id. The Supreme Court ruled that the issue, in its constitutional dimensions, had not been fairly presented to the state courts, as the issue on appeal had been argued as a violation of procedural rules. The Court stated that "substance of a federal habeas corpus claim must first be presented to the state courts." Id. at 277. The claim that an indictment is invalid is not the substantial equivalent of a claim of constitutional discrimination. Id.

The Petitioner agrees that a claim of a violation of procedural rules regarding the issuance of indictments is not the same as a claim of constitutional discrimination. However, in the instant case, the Petitioner's claim of constitutional discrimination is but part of the larger issue presented for review to the State courts. On appeal to the Supreme Court of Alabama, the

Petitioner argued that the lower courts were in error in failing to declare a mistrial regarding the conduct of a juror. Specifically, the juror at issue was related to the victim's family and failed to disclose this fact to the trial court, as discussed in the next argument. Therefore, the issue is not one of interpretation of state procedural rules, but of the fundamental fairness of the trial, which necessarily implies due process concerns. See Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). Therefore, it seems clear that in evaluating whether a juror engaged in misconduct, the deciding court was forced to rely upon the notions of due process of law. Although not specifically cited in the decisions of the state courts, such an issue could not be raised without implicating due process concerns.

Such commonsense is not forcing the district court to find the "makeshift needle in the haystack of the state court record," as claimed by the Magistrate. Recommendation at 9(citing McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005)). First, the Petitioner notes that in McNair, no mention was made of a constitutional violation, i.e. violation of the right to a fair trial, in any state court proceeding. In the instant case, the Petitioner argued to the Supreme Court of Alabama that he would be "hard pressed to think of anything more damning to an accused . . . Where is the *fair trial*?" See Petitioner's Petition for Writ of Certiorari to the Supreme Court of Alabama(citing Whitten v. Allstate Insurance Co, 447 So.2d 655, 658 (Ala. 1984)) (emphasis added). The Petitioner also stated that his goal in raising the instant argument to the Supreme Court of Alabama was to seek a conclusion to his "quest for a fair trial." Petitioner's Petition for Writ of Certiorari to the Supreme Court of Alabama. Clearly, the Petitioner was making it known that the underlying legal basis for the argument presented was his constitutional rights to due process of law and a fair trial.

Second, the Petitioner points to common sense in defense of raising the instant claim herein. If a state court defendant argued that police had went into his house illegally to gather evidence, would the issue be considered exhausted for inclusion in a federal habeas corpus action? The issue is not framed of one involving the Fourth Amendment to the United States Constitution. The issue does not mention illegal searches and seizures. Clearly, however, the issue would be reviewed under the Fourth Amendment. The same principle applies herein. Despite the Petitioner's failure to mention the United States Constitution, it is clear that in claiming that he is seeking a fair trial, via proper jury conduct, there can only be one analysis applied to such a claim, that of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

The Magistrate next argues that the Petitioner failed to put forth adequate cause excusing the failure to exhaust the instant issue in state court for review by the federal court. Recommendation at 10-11. The Magistrate notes that the Petitioner's claim of ineffective assistance of counsel as cause for failing to exhaust issues in state court is only appropriate when the ineffective assistance claim has also been presented to the state courts. Recommendation at 11(citing Murray v. Carrier, 477 U.S. 478, 489, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986)). However, as this court is well aware, claims of ineffective assistance of counsel are not properly brought in a direct appeal, as such are not preserved or evident from the trial record. Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). The Petitioner herein raised the substantive issues as presented in this petition on direct appeal in the state court. Having no more substantive issues to raise, the Petitioner exhausted these issues in the state courts for presentation in the federal courts. The Petitioner submits that forcing him to remain in

state court to exhaust the ineffective assistance claim, when such is only a procedural issue tangentially applicable to the substantive issues raised herein, is tantamount to suspending the Petitioner's right to file a federal petition for writ of habeas corpus. As this Court is well aware, The Suspension Clause of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. 1, Sec. 9, cl. 2. n1. In forcing the Petitioner to remain in state court instead of bringing properly exhausted issues before the federal courts, the Petitioner fears that his right to pursue habeas corpus relief has been suspended. As the claim of ineffective assistance of counsel is not one upon which the Petitioner seeks relief, the Petitioner submits that forcing him to exhaust this issue before proceeding to federal court is akin to unconstitutionally denying him the right to file a federal petition for writ of habeas corpus. As the instant issue is properly before this court and the issue is one of merit, the Petitioner submits that his conviction and sentence must be vacated as having been obtained in violation of his due process and fair trial rights.

III.    The Petitioner's Right to Due Process of Law as Guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution Was Violated When He Was Convicted upon Insufficient Evidence.

The Magistrate argues that the Petitioner failed to put forth adequate cause excusing the failure to exhaust the instant issue in state court for review by the federal court. Recommendation at 10-11. The Magistrate notes that the Petitioner's claim of ineffective assistance of counsel as cause for failing to exhaust issues in state court is only appropriate when the ineffective assistance claim has also been presented to the state courts. Recommendation at 11(citing Murray v. Carrier, 477 U.S. 478, 489, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986)).

However, as this court is well aware, claims of ineffective assistance of counsel are not properly brought in a direct appeal, as such are not preserved or evident from the trial record. Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). The Petitioner herein raised the substantive issues as presented in this petition on direct appeal in the state court. Having no more substantive issues to raise, the Petitioner exhausted these issues in the state courts for presentation in the federal courts. The Petitioner submits that forcing him to remain in state court to exhaust the ineffective assistance claim, when such is only a procedural issue tangentially applicable to the substantive issues raised herein, is tantamount to suspending the Petitioner's right to file a federal petition for writ of habeas corpus. As this Court is well aware, The Suspension Clause of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. 1, Sec. 9, cl. 2. n1. In forcing the Petitioner to remain in state court instead of bringing properly exhausted issues before the federal courts, the Petitioner fears that his right to pursue habeas corpus relief has been suspended. As the claim of ineffective assistance of counsel is not one upon which the Petitioner seeks relief, the Petitioner submits that forcing him to exhaust this issue before proceeding to federal court is akin to unconstitutionally denying him the right to file a federal petition for writ of habeas corpus.

      The Magistrate next argues that the instant claim is not one upon which a miscarriage of justice has occurred, thereby excusing a procedurally defaulted issue. Recommendation at 13(citing Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). The Magistrate notes that the Petitioner's claim, which rests upon the fact that his conviction rests upon telling another person to shoot a victim, is only a "self-serving, conclusory allegation."

Recommendation at 14. The Petitioner admits that his statement is self-serving. However, the Petitioner further submits that the Magistrate has failed to put forth a single instant of case law or statutorily law supporting the notion that telling another to act is sufficient to exercise extreme indifference to human life, which is a required factor in the Petitioner's conviction. See Ala. Code § 13A-6-2. As noted in the Petitioner's opening habeas corpus petition, the decision issued in <u>Lewis v. State</u>, 474 So.2d 766 (Ala.Crim.App. 1985), in which it was determined that an actor acting of his own free will serve as a superseding, intervening cause in a case of homicide, supports the claim that the Petitioner is not guilty in this case. The shooter, Phillip Burden, acted of his own free will, and the State failed to present a single iota evidence contradicting such a claim. As the Petitioner is not guilty of aiding and abetting murder, manifest injustice clearly exists in this case demanding that the issue be decided upon the merits. See <u>Schlup</u>, *supra*. As the instant issue is properly before this court and the issue is one of merit, the Petitioner submits that his conviction and sentence must be vacated as having been obtained in violation of his due process and fair trial rights.

## CONCLUSION

For the aforementioned reasons, Burden asks this court to vacate his conviction and sentence and remand this matter for rehearings consistent with the findings of this court and the constitutional principles of fair play and substantial justice.

                                          Respectfully submitted,

by:    /s/ Robert A. Ratliff
          Robert A. Ratliff, Esq.
          Attorney for the Petitioner
          P.O. Box 2353
          Mobile, AL 36652
          (251) 432-1656

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following listed person.

John McGavock Porter  
Office of the Attorney General  
Alabama State House  
11 South Union Street  
Montgomery, AL 36130-0152  
334-242-7420  
Fax: 242-2848  
Email: jporter@ago.state.al.us

                                                 /s/ Robert A. Ratliff  
                                                 Robert A. Ratliff  
                                                 Attorney for Petitioner